IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DARAN LEE RAY**                                                      **PLAINTIFF**
**#153562**

**v.**                      **No: 4:22-cv-00708 LPR-PSH**

**DOES,** *et al.*                                                        **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Daran Lee Ray filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 8, 2022 (Doc. No. 1), and was granted leave to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a) (Doc. No. 9).[1] His amended complaint (Doc.

---

[1] In the Court's Initial Order for *Pro Se* Prisoner Plaintiffs (Doc. No. 2), Ray was notified of his duty to promptly notify the Clerk and parties of any change of address. That Order

No. 10) was served on Defendants Nurses Walker and Franklin ("Defendants") (Doc. No. 11). Defendants have filed a motion and amended motion for summary judgment seeking to dismiss Ray's claims against them based on his alleged failure to exhaust available administrative remedies (Doc. Nos. 26 & 28).

On June 12, 2023, mail sent to Ray at his address of record was returned as undeliverable (Doc. No. 32). The same day, the Court entered a text order notifying Ray that the mail could not be delivered to him because he was no longer at the address he provided (Doc. No. 33). Ray was directed to provide notice of his current mailing address by no later than thirty days from the entry of the June 12, 2023 text order. He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed. A printed version of the text order was sent to him at his last known address. The envelope containing the Court's June 12 order sent to Ray at his address of record was returned to the Clerk of the Court and entered on the docket (Doc. No. 34).

More than 30 days have passed, and Ray has not complied or otherwise responded to the June 12 order. Ray failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2). Accordingly, the Court finds that this action should be dismissed without prejudice

---

also notified Ray that if any communication from the Court is not responded to within 30 days, the case may be dismissed without prejudice. *See* Local Rule 5.5(c)(2).

for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Ray's complaint (Doc. No. 1) and amended complaint (Doc. No. 10) be DISMISSED WITHOUT PREJUDICE and the pending motions for summary judgment filed by Defendants (Doc. Nos. 25 & 28) be denied as moot. The Court should further certify pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

DATED this 28th day of August, 2023.

_____
UNITED STATES MAGISTRATE JUDGE